IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK RADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-014 |
| | ) | |
| COUNTY OF JOHNSON; BRIAN | ) | |
| CHAMBERS; JUDGE FOR DIVISION; | ) | |
| JUDGE DEBOURLT BENIFIELD; THE | ) | |
| SUPREME COURT OF GEORGIA; | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; THE UNITED STATES; | ) | |
| THE UNITED STATES JUDICIAL | ) | |
| SYSTEM AND SERVING NUMEROUS | ) | |
| BRANCHES THAT NETWORK WITH | ) | |
| FALSE IMPRISONMENT; WARDEN | ) | |
| BEASLEY; GOVERNOR KEMP; | ) | |
| LOTTIE JONES; WARDEN A. HUBBARD; | ) | |
| MORRISON; ILLUMINITTE; IRS; | ) | |
| GEORGE BUSH; BILL CLINTON; FBI; | ) | |
| CIA; DONALD TRUMP; and JAY-Z, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Smith State Prison in Glennville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn,

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants in accordance with the caption of this document, which is consistent with Plaintiff's third amended complaint. (Doc. no. 16.)

746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE THIRD AMENDED COMPLAINT**

    A.    **BACKGROUND**

Plaintiff filed his first amended complaint[2] on April 25, 2024, naming various Defendants and asserting a multitude of incoherent and unrelated claims taking place over nearly two decades at various locations, many of which are located outside of the Southern District of Georgia. (See doc. no. 5.) In an Order dated April 29, 2024, the Court explained Plaintiff must submit a second amended complaint and pointed out it was not clear whether all of his claims could be properly joined in one lawsuit, whether the Southern District of Georgia is the proper venue for his case, and who he intended to name as Defendants. (Doc. no. 8.)

The Court provided Plaintiff with specific instructions for submitting an amended complaint, including the following:

> The Statement of Claim must not exceed six handwritten pages attached to the standard form. . . .
>
> The second amended complaint must be printed legibly so that the Court may discern Plaintiff's claims . . . . It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's second amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.
>
> While Plaintiff may attach exhibits to his second amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for

---

[2] Plaintiff first amended his complaint, (doc. no. 5), without prompting by the Court. Accordingly, it superseded and replaced in its entirety the prior complaint filed by Plaintiff. (See doc. no. 10, p. 4 n.2.)

2

>   his second amended complaint. . . . Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his second amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his second amended complaint as a means of including such persons as defendants to this lawsuit.

(Id. at 6-7 (citations omitted).)

In response, on June 20, 2024, Plaintiff submitted a second amended complaint, a motion to proceed *in forma pauperis*, and an inmate trust fund account statement. (Doc. nos. 13-15.)[3] On June 24, 2024, the Court received a third amended complaint from Plaintiff, which is the subject of the current screening. (Doc. no. 16.) The third amended complaint suffers from the same deficiencies the Court identified in Plaintiff's first amended complaint. Plaintiff states the events underlying his claims took place between 2001 through 2024 at seven jails and state prisons throughout the state of Georgia. (Id. at 5-6.) The Court is still unable to discern which of the individuals and organizations Plaintiff discusses he intends to name as defendants in this action, as he provides one list of Defendants in the caption of his case, a different list of Defendants in the section of the complaint reserved for naming Defendants, and still many more possible Defendants in his rambling and incoherent statement of his claims. (Id. at 1-3, 5, 12-37.) Problematically, Plaintiff completely disregarded the instructions quoted above concerning the page limit for his Statement of Claim, the

---

[3] It is unclear whether Plaintiff intended to initiate a new case with the filing of these documents, or whether he intended to file these documents in the instant case. Nonetheless, as the most recently filed amended complaint is the operative pleading, the second amended complaint, (doc. no. 13), is rendered moot by the filing of the third amended complaint, (doc. no. 16). Moreover, as Plaintiff has already been granted leave to proceed *in forma pauperis* in the instant case, his second motion to do so is **MOOT**. (Doc. no. 14.) For clarity, and to reduce duplicative titles listed on the docket, the Court **DIRECTS** the **CLERK** to update the docket text for doc. no. 13 to read "SECOND AMENDED COMPLAINT" and **DIRECTS** the **CLERK** to update the docket text for doc. no. 16 to read "THIRD AMENDED COMPLAINT." If Plaintiff intended his pleadings filed June 20, 2024, (doc. nos. 13-15), to be docketed as a new case, he may so notify the Court and those documents may be filed in a new civil action. Plaintiff is advised he may not amend his complaint again without leave of Court. See Fed. R. Civ. P. 15(a).

requirement to provide dates and factual details about the alleged misconduct correlated to specific Defendants, and the requirement to clearly name the individuals and entities he intends to name as Defendants. (See doc. no. 16.) Rather, Plaintiff provides over thirty pages of rambling, incoherent, disjointed, and largely illegible description of alleged conspiracies against him, intellectual property disputes with private citizens, issues he has faced while incarcerated which he maintains have not been properly addressed, and various letters of unclear relevance requesting various forms of monetary and logistical support. (See id.)

The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, but the Court can determine only that Plaintiff is alleging countless issues related to freedom of speech, access to law libraries, mail, access to law enforcement records, various actions taken by several U.S. Presidents, loss of personal property, housing complaints, access to medical records, intellectual property disputes, private accounts being hacked, grievance processing, and conspiracies at various levels of government. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008).  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'"  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b).  See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").  There are four types of shotgun pleadings:  first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. .

6

> . .." Weiland, 792 F.3d at 1321.  The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  Id. at 1322.  Third are those that do not separate each claim into a separate count.  See id. at 1322-23.  Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against."  Id. at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted.  See Weiland, 792 F.3d at 1320.  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court told Plaintiff his complaint contained various deficiencies and further did not satisfy the requirements of Fed. R. Civ. P. 20.  The Court warned him failure to correct pleading deficiencies would result in the Court recommending dismissal.  (Doc. no. 8, pp. 6, 9.) Moreover, the Court provided Plaintiff with explicit instructions for amending his complaint. (Id. at 6-7.)  In response, Plaintiff failed to correct the pleading deficiencies.  Instead, he has filed a quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; fails to specify which defendant did what; and includes a combination of unrelated claims that occurred over a span of more than two decades in unspecified locations, all in violation of Rule 20.

The Eleventh Circuit has affirmed dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions has resulted in the submission of a shotgun amended complaint which amounts to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.).

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Further, the Court has already given Plaintiff an opportunity to remedy his pleading deficiencies, to no avail. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies); see also Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing amended complaint nearly identical to original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Thus, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint and for submission of a clearly defective third amended complaint that fails to state a claim upon which relief can be granted against any defendant.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's third amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA